Mayo 18 2021

al Honorable Tribunal Federal de EU
Distrito de PR ofic 150 Edif. Fed.
SJ PR 00918-1767

21-CV-1132
FAB

We Marilyn Navarro Colon
c/9 # 299 flamingo Hills
Bayamón PR 00957
787 452-6662    mnavarrocobn@gmail.com

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR
2021 MAR 23 AM 9:41

Complain Violacion d Derechos.
Constitucionales Igualdad proteccion de las Leyes

Sirva la presente querella contra el Gob. de PR.
Asamblea Legislativa Junta de Aspirantes al ejercicio
de la abogacia en PR. Tribunal Supremo de P.R. ya que
la Ley 88 del 2010 y el Reglemento del TSPR
Seccion 5.8.1. que limita a 6 oportunidades para
tomar y aprobar la Reualida de abogados en PR
viola la igual proteccion de las leyes Art 1V
Const EU   42 USC § 2000 D  Titulo U1 y el Art II
Sec 7 de la Const de P.R. Quien suscribe solici
ta representacion legal y que la ultima gestion
realizada con la Hon. ex-gobernadora W.V.G. fuel 29-7-2020
con la Junta Examinadora 24-6-2019 y con la Hon-Presidenta
del TSPR 24-7-2019 y que hace mas de 8 anos agote las
oportunidades (

## Introducción

La clausula sobre la protección igualitaria, parte de la decimocuarta enmienda, la cual establece que ningún estado de los EU. Podra negar a persona alguna dentro de su jurisdicción, la protección igualitaria de los derechos. Donde se protege los derechos Individuales solo contra la Invasión del gobierno. Desde la vigencia de dicha enmunda, la Constitución de EU Protege contra la limitación de derechos por parte de los gobiernos estatales, Incluso, Incluyendo algunos derechos que por algunos lo se encontraban protegidos por la ilimitación por parte del gobierno federal. Bajo la enmenda 14. bajo su vigencia, los

$\rightarrow$

estados no pueden entre otras cosas privar a una persona de su derecho a la igual protección de las leyes. Vemos como dicho requerimiento ha sido objeto de debates, y la historia de dicha cláusula es la explicación gradual de su propio significado. Por ende ningún estado aprobara o hará cumplir una ley que Restrinja los privilegios o Inmunidades de los ciudadanos de E.U; ni ningún estado privara de persona alguna de su vida, libertad o de su propiedad, sin el debido proceso de ley, ni negara a nadie, dentro de su jurisdicción, la Igual protección de las leyes. Como se observa →

el propósito establecido por la siguiente cláusula es bien claro, donde se establece la legitimación de la misma para prevenir Interferencia Indebida en los derechos legítimos de las personas dentro de una procesos pacíficos. Pero también en la Constitución de PR Art II Sec 7 también establece que ninguna persona será privada de su libertad o propiedad sin debido proceso de ley, ni se negara a persona alguna en PR la Igual protección de las leyes.

Cronología de Eventos

(1) ab initio en la ley núm. 17 del 10 de Junio 1939 se establecía un número Ilimitado de oportunidades para tomas y apostar la misma.

→

(2) Para Septiembre de 1983 se enmienda dicha ley estableciendose un máximo de 6 oportunidades para tomar y aprobar la Reválida de abogados en P.R.

(3) Se establece que dicha excepción ó clasificación es para evitar la practica de la profesión de abogacia por parte de Personas Incompetentes.

(4) Muchos han sido los esfuerzos Infructuosos para que se aprobaron medidas que Restablecieran el estado de derecho original entre gestiones en la Legislatura como a posados gobernadores. Viendose asi afectados un gran número de aspirantes al ejercicio de la abogacia y cayendo los Mismos en un limbo jurídico sin solución alguna.

→

(5)

Así las cosas hasta los siguientes situaciones:

(a) Al aprobarse la ley num. 78 del 2010 se establece para todo tipo de profesión un número Ilimitado de oportunidades para tomar y aprobar los diferentes reualides y así obtener la licencia requerida por ley.

Posteriormente se enmienda la misma y se excluye a los abogados de estas oportunidades Ilimitades Art 3 Ley 88-2010

(B) Luego el Proyecto del Senado 172 Intenta nuevamente sin exito de enmendar la misma para derogar el Art 3 de dicha ley, a fin de disponer que los aspirantes a tomar el examen de Reualida de todas las profesiones que así lo Requieran, tendrán oportunidades Ilimitades.

(C) Previamente se establecio en la misma que dicha excepción Respondió

→

a una deferencia de las Ramas tanto ejecutiva como legislativa hacia la Rama Judicial, dado la facultad de la misma de fijar condiciones y requisitos a todo aspirante al ejercicio de la abogacía.

(1) Meses después de aprobada la misma, la asamblea legislativa observó que la rama judicial no se había dado por enterada de la política pública del Gobierno sobre las oportunidades para tumar dichos exámenes. Por tal motivo el 22 de Agosto 2012 se aprueba la ley 193-2012 que enmenda el art 3 de la ley 88-2010, a los fines de hacer explícita la solicitud de enmienda a la reglamentación Interna de la rama Judicial para armonizar

→7

la misma, especificamente la Secc 5.8.1 del Reglamento de admisión al ejercicio de la abogacía en P.R. Entendemos y señalamos que la rama Judicial es llamado a velar por el trato justo a los ciudadanos pero, su Inacción este provocando un trato desigual, Injusto y discriminatorio contra su propia clase profesional.

Pero esta controversia se ha tornado en una lucha de poderes o de transgresión de facultades donde los aspirantes han quedado Inmersos en la misma.

(E) Pero aún más, que desde el 2017 mediante varios ordenes ejecutivos y la Orden Ejecutiva 2020-15 y 2020-18 se concedían dispensas a médicos veterinarios sin licencias en PR para ejercer la medicina veterinaria.

(f) Para Febrero 2019 el Gobierno de PR junto con la Junta de Licenciamiento y Disciplina médica de P.R., autorizan a la clase galena no Reualidada a fungir como medicos asistentes.

(G) Que el 15 de mayo 2020 los decanos de los 3 escuelas de Derecho de P.R. solicitaron al TSPR que aprobara la admisión por cortesia al ejercicio de la abogacia sin tener la aprobación de la Reualida tras el paso de la pandemia del Covid en PR.

Puntos a priori aclaratorios Incontrovertibles
Hechos materiales a establecerse

(1) Que a pesar y a tenor con los requisitos establecidos por la legislatura, no limitan al Tribunal por la admisión al ejercicio de la abogacia en PR. y que

dicha legislacion es meta directiva y no mandatoria al poder judicial. No obstante es deber judicial, legislativo y ejecutivo buscar soluciones consensos, cuando un sector de la sociedad se ve afectado por algun problema particular, se trata de evitar a toda costa enfrentamientos entre los tres Honorables rama del gobierno, al amparo del total respeto de la doctrina de separacion de poderes donde se debe lograr la justicia social, la cual es el fin de todo estado de Derecho.

(2) Teniendo bien claro que corresponde al Honorable Tribunal Supremo de P.R. la facultad de admitir aspirantes al ejercicio de la abogacia Pero a pesar de la jurisdiccion sobre la materia, al Hon. Tribunal se le ha concedido generalmente que la legislatura en el claro

ejercicio de su poder regulador (Police Power) Prescribir Reglas y reglamentos Razonables para la admisión los cuales serán sugeridos por las cortes. In Re Casablanca Vol 30 DPR pag 402 "El poder Inherente del Tribunal Supremo no esta en disputa. Ciertamente, la legislatura, alguna que otra vez ha asumido el poder de prescribir reglas para la admisión de abogados al ejercicio de dicha profesión. Cuando estos han sido razonables y justos, ha sido generalmente, creemos, la voluntad de las cortes actuar de acuerdo con tales estatutos, en deferencia a los deseos de una rama coordinada del gobierno, sin considerar la cuestión de poder" Bonita Ex parte 39 DPR pag 163 y Véase Goodwell

39 I 5 23 220 ANN

(3) Debemos recordar la Escuela de Derecho E.M.H. Donde el Hon. Tribunal Supremo de P.R. extendiera una acreditación

→

provisional de modo que pues egresados pudieran ser admitidos a los examenes de reválida 1997-1999 sin dicha escuela estar acreditada por la American Bar Association, no requiriendo así mo de nos propios requisitos establecidos en su reglamento para ejercer la abogacía en PR. Art 4.1.1. Inciso B TSPR 25 n 2 y 2011 TSPR 144 Véase también In Re Application of Hasen, Mann v Board of medical Examiner of the State 187 P2d 1 (1947). 275 NW 2d 790 minn 1978 "Quien puede lo más puede lo menos."

(4) Que se presenta el siguiente Recurso con el mayor grado de Respeto posible a todas las partes, ya que nunca ha habido una atención y solución sincera ante este limbo jurídico y ante este lucha de poderes de ambas ramas de gobierno.

(5) Que entendemos que el derecho es Rogado, es y debe ser coactivo o apremiante.

(6) Que la parte demandante ha agotado el número de oportunidades para aprobar dicha reválida pero no por falta de conocimientos ni competencia mínima adecuada para aprobar la misma, sino por razones multifactoriales, desafíos especiales, continuos, Intensos, Impostergables, pues que la vida le ha impuesto, que el no aprobar la misma solo significa que en esos oportunidades yo pudo cumplir con los calificaciones establecidas y no los cualificaciones ( preparación necesaria requeridas para el desempeño de una actividad esperada profesional. Pero sabemos que como le indicara y le mostrara la pasada Psicóloga métrica la Dra. Santiago, que en la evaluación o aprobación del examen no Incluyen ni situaciones personales, ni pérmenos,

→

pero es menester hacer el presente
pronunciamiento a modo de aclaración. El
que critique mi camino le presto mis zapatos

Jurisdicción sobre la materia

Que este Honorable Tribunal Tiene Jurisdicción
sobre el presente caso ya que el mismo entraña
Infracción a la Constitución de los E.U y la
Constitución de PR. Ya que la Igual protección
de las leyes se funda en el principio cardinal
de trato Igual para personas similarmente situadas.
Esto significa que el Gobierno puede hacer
clasificaciones entre personas con cualesquiera de
propósitos legítimos, sin embargo al Realizar los
mismos tendrá que observar esta norma básica.
Const E.U Art II Secc 7 Véase Serrano Geils
Derecho Constitucional de E.U y PR 1998 Vol II
Pág 1081 y tambien véase Pueg Román US
Proc Esp. Pol Sena 147 DPR 201 (1999)

Alegaciones

(1) La parte demandante establece que existe un viejo adagio en la profesion legal que dice: "cuando los hechos te favorecen argumentamos los hechos, pero cuando la ley te favorece argumentamos la ley, pero cuando ni los hechos ni la ley te favorecen estas confundido". En el presente escrito discutiremos, argumentaremos ambos, la ley y los hechos, pues ambos favorecen a la parte demandante y esta es la razón más poderosa del presente escrito:

(1) Es importante señalar que la reglamentación gubernamental controla todos los métodos de admisión, pero no las posibilidades. Comentario Commerce Clause Challenge to State restrictions on Practice by out-state attorneys 72 NW L Rev 737,742, 743. These note Constitutional analysis of

→

Stade Bay Rendency Requere, Romen US Tri. Ex. médicos 116 DPR 21 pág. 79. 72 In Re Griffiths 413 US 717, 727 1973, Schware v Board of Examiner 353 US 232, 239 (1957)

(2) Un dato muy Relevante es que los territorios de los E.U. en su gran mayoría o sea un 76%, el número de oportunidades es Ilimitada. Pero mucho más Importante aún, Habiendo muchos de los aspirantes aprobado la parte de la notaría se les permite ejercer la misma, en P.R. No. Ej. Arkansas, new york. no establecen límites para la aprobación de la misma. vease Http://www.ncbex.org

(3) El Interés legítimo a protegerse según esboza este Hon. Tribunal Supremo de P.R.; es que la ciudadanía obtenga servicios profesionales por parte de personas que Reúnan competencia

minima adecuada humana (apto, capacitado) para ello, es por esto el limite de oportunidads para tomar y aprobar la misma. Pero como cuestion de Hecho y como Reconoce uno de los pasados presidentes del T.S.PR. cuando fungio como deceno de la Escuela de Derecho de la UIA en su articulo "Comentarios sobre el examen de la Reualida del Hon. Federico Hernandez Denton Reuista Juridica UIA Pa.R. 157 (1984) donde Indica y citamos "Por otro lado la Junta no ha Identificado cuales son los competencias minimas, los conocimientos y las destrezos que especificamente van a medir en el aspirante." Ceramos citas y existen otros serios señalamientos.

(4) Diferimos grande y Respetuosamente

→

de este Interes publico legitimo a proteger por las siguientes validas y poderosas razones:

(A) "La igual proteccion de las leyes se funda en el principio cardinal de trato similar para personas Similarmente situadas." Esto Significa y Reiteramos "que el Gobierno no puede hacer clasificaciones entre las personas para cualesquiera propositos legitimos, sin embargo, al Realizarlas tendra que observar esa norma basica" R Senano Geigles Supra, Ruiz Roman Supra" Por otro lado "el estado puede hacer clasificaciones entre las personas sin infringir dicho principio siempre y cuando dicha clasificacion sea razonable y con miras a la consecucion o proteccion de un Interes publico Legitimo. Zachry International US Tribunal Superior 104 DPR 267, 277 (1975).

Donde se protejan a cada Individuo ante
Caprichosas
desigualdades Indebidas, Irrazonables o caprichosas"

Serrano Ceyls op cite pag 1071 Vease
tambien Board v flores D otero 426 US 572 (1976)
application of Nort New 605 P2d 627 (1980).

(B) Evidente y claramente estamos ante un área
que ha emergido virtualmente con muy poca
fiscalización. Por eso es que dicha doctrina no
ha madurado suficientemente. Durante la mayor parte
del siglo XIX, la reglamentación se limito a
profesiones clasicas tales como Derecho y Medicina
A partir del 1890, a medida que la sociedad se
torno mas compleja, el radio de acción comenzo
a extenderse hacia otras ocupaciones Note DUE
PROCESS limitations on occupational Licensing
59 UA LRRV 1097 (1973)

→

(C) Que se Imponga una Seria Reflexión en torno a los problemas jurídicos que suscita la Reglamentación del estado a profesiones u ocupaciones por parte del estado. Es dar acción afirmativa para la consecución de justicia a tiempo para todos en acorde con de teoria y letra de la Constitución EU.

(D) Pero mucho más Importante aun es, que por la naturaleza de la responsabilidad delegada a las juntas examinadoras, los deben revisar con especial cuidado, aunque con la debida deferencia, a aquellas actuaciones de los Tribunales Examinadores que esten relacionados con la admisión a una profesión, particularmente en los casos en que la junta este compuesta en su mayoria por los miembros de la profesión Reglamentada como en el presente caso.  veese. Santiago US Tribunal Examinador de médicos 118 DPR 1 pág 2

" Por ende el estado viene obligado a trazar objetivos Racionales al cumplir con dicha función" y nosotros añadimos a los tribunales también. Román vs Trib. Ex. Médicos 116 DPR 71 pag 75.

(E) Que como cuestion de hecho, notamos que no seria circunstancia usual en la regulación de profesiones en P.R.. Ya que a raíz de la ley 97 de la clase médica no establece limites de oportunidades para la aprobación de la misma. Y recordando a la Escuela de Derecho Eugenio Maria de Hostos donde previamente se extendiera una acreditación provisional de modo que mis egresados pudieran ser admitidos a los exemenes de Reválida 1997-1999 sin estar acredita por la ABA, en contravención de su propio Reglamento como anteriormente expresamos.

(f) Que en cuanto al interes legitimo

→

apremiante a ser protegido por el estado, la competencia mínima necesaria en la práctica no entendemos donde esta la competencia protegida por el estado, existe una clara contravensión al mismo, pues como se explica la gran cantidad de INRE sometidos al TSPR con lugar. ¿Quién protege a estos ciudadanos de abogados que son suspendidos de abogacía, con acciones disciplinarias, sanciones, etc? A grueso modo, en los últimos 5 años 2018 103 Inre 2019 136 Inre 2020 65 Inre 2016 92 2017 79 a razón de 7.7 Inre mensuales para un 92.5% en esos años. Según el Indice del T.S.P.R.

(G) Es necesario entender que la abogacía es una profesión que no se rige bajo una fórmula ó Regla Rigida, sino que todo depende de percepciones, argumentos y lenguaje basado en los puntos de vista de los sujetos que la practican, influenciados por Intereses y deseos particulares

de la ocasión. Dicha subjetividad se crea a base de experiencias, circunstancias del caso, conocimientos adquiridos por la disposición y vocación del postulante. Esta ilustre profesión tiene y debe ir a la par con la sociedad, es decir adaptarse a los cambios de la misma constantes, por lo que tienen que atemperar, en algunos casos, los conocimientos adquiridos en su enseñanza que "supuesta y alegadamente" fueron "medidos" en su examen de Reválida.

(H) Que la calidad profesional de cada aspirante junto a su vocación y disposición serán el mejor mecanismo de control; ni es buen profesional triunfara, ni es mediocre fracasará en su práctica. Recordando también el mecanismo de autoridad y control del Hon. TSPR quien constantemente evalúa y disciplina a la clase togada.

los aspirantes al ejercicio

de la abogacía, su práctica conlleva una menor posibilidad de infligir daño como consecuencia del mal desempeñe de la práctica de la profesión, muy distinto a la clase galena que tienen en sus manos la gran responsabilidad de vidas humanas, que a nuestro humilde entender, no existe una consecución o protección de un interés público legítimo, al ser excluidos los mismos de dichas oportunidades, sin base racional, desvinculada tanto del propósito de la legislación como del Reglamento vigente, enmendado.

(I) Es importante señalar que el mero hecho de estar sometido a una presión limitativa de unos términos para Reualidad, constituye una mayor presión y una carga psicológica que priva a cualquier persona de la paz mental y tranquilidad necesaria para poder reualidad y menoscabando también la

iniciativa y persistencia individual.

(J) Que el exito o fracaso en las pruebas es multifactorial complicandose aún más dicha situación en primer lugar con el propio diseño de la prueba, como es el presente caso, dado que siempre que se administra la misma, existe un porcentaje constante muy bajo de quienes aprueban la misma en P-R. en comparación con los E.U. y sus territorios.

| PR. | Aprobados | | | |
|---|---|---|---|---|
| 2016 | 36% | Sept | vs | |
| 2018 | 32% | Mayo | | |
| 2019 | 35% | | | |
| 2020 | 32.7% | | | |

EU.

Florida, Guam, Islas Vírgenes, Islas Marianas del Norte y Palace, % aprobación sobre 70%

Solo California y Washington DC % 51% y 52% respectivamente ambos mejor que PR.

Vease Bar Examiner http//www.ncbex.org

el tipo de examen que se ha utilizado en PR es de norma y no de criterios, que es el que se nec. y al que mide el logro de más competencias específicas. →

(K) Que utilizando el mecanismo de escrutinio racional, siendo el mismo, el más utilizado por la Corte Suprema Federal y se aplica a toda acción ó legislación socioeconómica, o en el caso de clasificaciones que no esten determinadas como sospechosas por la Const o por Constitución las Cortes, observamos y conchimos que se demuestra que las normas aplicadas por el estado niegan arbitrariamente la admisión a los aspirantes, por motivos desvinculados al propósito de la Reglamentación. Bajo el poder del estado, el gobierno tiene el poder Inherente para Reglamentar las profesiones u ocupaciones. NO se trata de privar a un ciudadano de su ocupación u oficio, sino de poder para regularlas por razones del eminente Interes público de que estan Revestidas.

(b) No obstante a lo anteriormente expuesto, teniendo presente que la determinación sobre si la clasificación es cobijada o no por la cláusula de la igual protección de las leyes sería el tema medular, para disipar cualquier atisbo de controversia o confusión, podemos establecer que aun utilizando el mecanismo de prueba del escrutinio estricto, siendo el más riguroso y menos utilizado por las cortes también se puede establecer la Inconstitucionalidad tanto de la ley como del Reglamento de la Junta de Aspirantes al ejercicio de la abogacía en la misma, no se demuestra un Interes apremiante que este estrictamente vinculado con los medios utilizados y que estos medios no son los menos Restrictivos.

→

(m) Por otro lado y unos datos no mucho menos importantes (1) Dos de las 3 Escuelas de derecho en P.R. no cumplen con el porcentaje de tasa de aprobación del 75% a 2 años de graduarse (2) Que los decanos de las escuelas de derecho llevan tiempo haciendo peticiones de información a la Junta de Aspirantes al ejercicio de la abogacia en P.R., incluyendo al Ldo. Mark Anthony Bimbela, pasado presidente del Colegio de abogados de P.R., y la misma constantemente ha Rehusado divulgar la información y detalles del examen de la reválida su metodología en la corrección y creación de la misma, aduciendo mediante su presidente el Lcdo. Hector Rodriguez Mulet razones de Confidencialidad. Pero no entendemos y preguntamos ¿ Cómo se puede hacer el debido assesment y analuo para asi cumplir con dicha tasa de aprobación

si no se tiene la Información necesaria?

(3) Es importante Recalcar que la mayoría de los estudiantes que se forman en E.U. como en Harvard, Yale y la Universidad de Chigaco fracasan en esta Reualida la de P.R. Mientras que los estudiantes que se preparan en P.R. y toman reualidas en E.U. aprueban más. Por tanto no es un problema de universidades, sino de la forma en que se prepara y se corrige la Reualida. ¿Curioso no?

(N) Claro está, es necesario un proceso de reualida justa y transparente donde se aplique una adecuada desviación estándar al procesar los Resultados de la misma en cuya aprobación en PR ha sido limitada en comparación con los EU. Debe humbarse una psicometra Independiente que valide el examen y sus resultados. Cuando el estado utiliza el mecanismo de exemenes para admitir aspirantes a una profesión, el examen →

debe cumplir con los criterios que satisfacen la racionalidad (A) sea diseñado para el cual se va a utilizar (2) que utiliza una nota de pase que este Relacionada con la calidad que el examen mediría. Santiago v s Trib. Exam. Medicos Supra. Y este no es el caso.

(Ñ) Pero mucho más preocupante aún, en palabras textuales del todo. Antonio fernos y citemos " Expreso y Sostengo que el actual examen de Revalida para ejercer la abogacia, no corresponde con el conocimiento y Razonamiento juridico que debemos dictar en las facultades de derecho y hemos llegado hace ya varias tandas de Revalida, a contestaciones modelos y guias de corrección totalmente erroneas. Esto lo ha aceptado la propia Junta ante señalamientos nuestros. Pero sigue posando. no debe Ser, por eso hago este señalamiento publico como a la junta como al Tribunal Supremo que la Designa" Quo Vadis

junta de Revalida, Perpetua, El Nuevo Día, 7 de Noviembre 2001. A manera de otro ejemplo en la revalida del 2001, nuevamente se contesto erroneamente la pregunta de Derecho Constitucional.

(0) Pero más alarmante y preocupante aún no podemos olvidar según así lo estableciera el Lcdo. Jorge Velazquez Hernandez en su preocupación del analisis de la Junta a la pregunta de Derecho Penal de la pregunta num. Revalida de Septiembre del 2015 PRegunta num. 3 donde no esta de acuerdo con la contestacion a la misma, pues cita un caso de hace cuarenta años para justificar actitudes machistas no deben ser fundamento para justificar el homicidio por arrebato de colera, según prescrito en el art. 95 ahora, Asesinato atenuado son 15 años en probatoria, es la sentencia →

mayor que podria Imponerse. facebook 2015
manotretos de Don Miguel.

Por tanto y en cuanto Resulta necesario, urgente
Ineludible llegar a los siguientes conclusiones
por los argumentos anteriormente esbozados:

(1) La Constitución de los E.U Sec 16, 17
art II reconoce el derecho "de todo
trabajador a escoger literalmente su ocupación y
Renuncie a elle"; y protege ademas contra la
privatización Irrazonable de la propiedad,
concepto que en esencia abarca una
ocupación.

(2) Que ante este limite de oportunidades
Impuestos para tomar la veralida de abogacia
y la aprobación de la misma, se observa una
falta de seguridad Constitucional, que no guze
necesariamente de relación alguna con los
objetivos a protegen por parte del estado.
Como tampoco protege severente al ciudadano

de la práctica de abogados Incompetentes, dicho examen. Véase Russell v.s Hug 275 f3d 812, 821, (9th Cir. 2002). Paciulan v George 229 f3d 1226, 1229 (9th Cir 2000). Parnell v Supreme Court of Appeals of West Virginia 110 f 3d 1077 1081 (1997) Society of American Teachers. Statement on Bar. Exam. Note 33 at 446 52 J legal Educ 446, 448 (2002)

(3) Que existe un alto Riesgo ante la reducción restrictiva del número de oportunidades para tomar dicho examen debido al procedimiento utilizado, ya que ante la Interposición de barreras Inflexibles en contra de todo aspirante ha constituido y constituye un trato discriminatorio y opresivo, y por tanto ultimadamente Inconstitucional e Innecesario Véanse además los siguientes casos según relacionados en The Bar Examiners Handbook. op. cit. j.j. páges 31-32, Marshall v.s Murphy, Civil action No. 75-14-1397 →

(al. COL (1978) Burge US. Committee of Bar Examiners of the state of California NOC 7410 10 Saw (N.D. California 1979) H.P)

(4) Que este Tribunal ha establecido, que al Reducirse las oportunidades para tomar dicho examen, la tendencia es la ampliación de cobertura del debido proceso de ley. Veáse entre otros Lavash v Kountze, 604 f. 2d 103 (1979) Poats V Givan 651 f 2d 895 (1980) Davidson V State of G 622 f 2d 895 (1980) Tomanio V of Regents T 603 f2d 255 - 258-259 (1979) Tyler V Vickery 517 f2d 1089 (1975)

(5) Los hechos son los hechos y los datos son los datos que entran en clara contravención a tento con la Const EU. como el Reglamento de la Junta de Aspirantes al ejercicio de la abogacia en PR

(6) Que de este Honorable Tribunal necesitar tendencia adicional e inclusive el análisis de tasas de aprobación para certificaciones profesionales y revalidas en P.R. estaran disponibles inmediatamente.

Para Reflexionar "Leyes hay lo que falta es Justicia" Ernesto Mallo. "Si la justicia existe tiene que ser para todos, nadie puede quedar excluido, de lo contrario ya no seria justicia" Paul Cruster.